# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY LYNN JOHNSON** | **CIVIL ACTION NO. 5:16-cv-276** |
| VS. | SECTION P |
| **STEVE PRATOR, ET AL** | **JUDGE S. MAURICE HICKS** |
| | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Gregory Lynn Johnson, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on February 29, 2016. Plaintiff is incarcerated at the Caddo Correctional Center ("CCC") in Shreveport, Louisiana, and names Caddo Parish Sheriff Steve Prator, CCC Deputy Fair, CCC Corporal Williams, CCC Nurse Donna Ferdinand, and CCC Physician David Nelson as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff's original complaint did not provide sufficient factual information in support of his allegations. Thus, this court filed a memorandum order [doc. 6] directing him to amend his complaint. In response to the court's order, plaintiff filed an amended complaint on April 4, 2016. Doc. 7. Therein, he complained about conditions of confinement and inadequate medical care.

Specifically, he claims that on February 10, 2016, he slipped and fell on grits that were on the dining area floor. Doc. 7, p. 2. Plaintiff alleges that Deputy Fair was the on-duty officer at the time and that "Fair failed to properly supervise the clean-up to prevent a potential hazard." *Id.* Plaintiff states that he was taken to the hospital on the day of the incident and was x-rayed. Doc. 1, p. 4. He states that the x-ray did not show a fracture but that "there is evidence of misalignment." Doc. 7, p. 5. Plaintiff claims that while at the hospital he was diagnosed with chronic back pain from the fall. *Id.* He contends that upon his release later the same day (February 10, 2016), his treating physician ordered continued medical care at CCC as well as prescription medication. *Id*. However, plaintiff alleges that upon his return to CCC, he was denied the ordered medical treatment and medication. *Id.*

Plaintiff further claims that when he returned to CCC, defendant Williams took away the wheelchair that was given to him for mobility claiming that the chair was needed elsewhere. Doc. 7. pp. 2-3. Plaintiff states that Williams replaced the wheelchair with a "useless" walker. *Id.* at p. 3. Without the wheelchair, plaintiff claims that he missed breakfast on February 11, 2016, because he was in too much pain to walk. *Id.* Plaintiff states that his difficulty in walking also caused him to miss a dose of medicine on February 18, 2016, as Nurse Ferdinand refused to give him the medicine because he could not walk to her during medication call. Doc. 1, p. 5. Later that afternoon, he was taken to medical where he was seen by Dr. Nelson. Doc. 7, p. 3. Plaintiff contends that Nelson refused to examine him but states that he was given medication by a staff nurse. *Id.* at p. 4.

As a result of the fall, plaintiff claims that he injured his back, causing pain in his back and groin, disfigurement, loss of sleep and limited mobility. *Id.* Plaintiff also states that his physical injuries have impacted his mental psyche, interferes with his eating, reading, writing, exercising, use of the shower and toilet, and that he has to visit in a wheel-chair. Doc. 7, p. 7.   As part of his

claim for the above alleged denial of medical care, plaintiff contends that he has also been denied physical therapy, chiropractor assistance, whirlpool/water therapy, use of parallel bars, and hot/cold compresses. *Id.* at p. 6. He seeks compensatory and punitive damages as relief herein. Doc. 1, p. 6.

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Slip and Fall/Conditions of Confinement*

Plaintiff seeks damages for alleged injuries sustained when he slipped and fell on grits that had been spilled on CCC's dining area floor. He alleges that defendant Fair was aware of the grits and negligently failed to supervise the clean up of same. Complaints about conditions of confinement are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. While the Eighth Amendment does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 51 F.3d 716, 717 (5th Cir.1995). Accordingly, a prison official violates an inmate's constitutional rights only if he "1) shows a subjective deliberate indifference to 2) conditions posing a substantial risk of serious harm to the inmate." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). Mere negligence is not a sufficient basis for liability under § 1983. *Thompson v. Upshur County, Texas,* 245 F.3d 447, 459 (5th Cir. 2001). Instead, a prison official must both be personally aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and the official must also have drawn the inference in fact. *Farmer,* 511 U.S. at 837.

In the present case, plaintiff has not sufficiently alleged that any of the defendants subjectively intended to cause harm to him or purposefully deprived him of his rights under the Eighth Amendment in regard to the complained of condition of confinement. In fact, plaintiff acknowledged that defendant Fair supervised the clean up of the spilled grits, albeit in an allegedly negligently manner. Plaintiff's claim is one of negligence which, as previously stated, is not actionable under § 1983. In fact, both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that slip and fall negligence claims are not cognizable under § 1983. *See Daniels v. Williams*, 474 U .S. 327 (1986). *See also Marsh v. Jones*, 53 F.3d 707, 711–712 (5th

Cir.1995)(inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference)*; McLaughlin* v. Farries, 122 Fed. Appx. 692 (5th Cir. 2004)(unpublished)(same).

### 3. *Medical Care*

Plaintiff also alleges that he has been denied medical care at CCC. His medical care claims also arise under the Eighth Amendment's prohibition against cruel and unusual punishment. As with the conditions of confinement claim, plaintiff's medical care claim amounts to an Eighth Amendment violation only if he can establish deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 3345 n. 12    ( 5th Cir. 2006). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice,* 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (Internal quotation marks an citation omitted). "[M]ere negligence, neglect, or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Even "gross negligence" does not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs*., 380 F.3d 872, 882 (5th Cir. 2004).

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to

serious medical needs. *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.

Additionally, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado,* 920 F.2d at 321. Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir. 1992).

In the instant case, the information contained in plaintiff's complaint shows that he did receive medical treatment, although not to his liking. His allegations, at most, state a disagreement between him and the medical staff regarding the procedures necessary to treat his medical issues. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. *See Shaw v. Murphy*, 532 U.S. 223, 121 S. Ct. 1475, 149 L. Ed. 2d 420)(2001). Decisions with respect to the medical treatment of prisoners are best left to the prison officials qualified to make those decisions. The evidence before the court simply does not support a finding of deliberate indifference and plaintiff's claims should be dismissed.

4.  ***Supervisory Liability***

Plaintiff has not stated a sustainable claim against Steve Prator. It is clear that this party is named in his supervisory capacity. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff has not alleged personal involvement on the part of this defendant nor that he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

*Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 6, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE